# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DOUGLAS DEVOE, Individually
and on Behalf of his Deceased Wife,
DANA DEWANNA DEVOE, and
On Behalf of any and all other
Wrongful Death Beneficiaries,**

      Plaintiff,

v.                                                               Case No. _____
                                                                     JURY DEMANDED

**UNITED STATES OF AMERICA,**

      Defendant.

## COMPLAINT FOR PERSONAL INJURIES, HEALTH CARE LIABILITY, WRONGFUL DEATH, AND LOSS OF CONSORTIUM

Plaintiff Douglas Devoe, individually, and on behalf of his deceased wife, Dana Dewanna Devoe, and on behalf of any and all other wrongful death beneficiaries, files this Complaint against the United States of America under the Federal Tort Claims Act for personal injuries, health care liability, wrongful death, and loss of consortium. For cause of action, Plaintiff states as follows:

## PARTIES

1.  Dana Devoe ("Mrs. Devoe" or "Decedent") was at all relevant times an adult resident citizen of the State of Tennessee. She died on July 3, 2017.

2.  Plaintiff Douglas Devoe ("Plaintiff" or "Mr. Devoe") is an adult resident citizen of the State of Oklahoma residing at 18305 Bridlington Drive, Edmond, Oklahoma 73012. He is the husband of Mrs. Devoe.

3. This action is commenced and prosecuted against the United States of America ("United States") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. The malpractice and negligence alleged in this action occurred at the Memphis Veterans Affairs Medical Center ("MVAMC"), in Memphis, Tennessee. At all relevant times, Defendant United States, through its executive agency the Department of Veterans Affairs, owned and operated the MVAMC. The MVAMC, therefore, is an instrumentality of the federal government.

4. At the MVAMC, Defendant United States has employees, physicians, nurses, servants, contractors, and agents who perform professional medical services within the scope of their employment, apparent authority, agency, and/or contract to act for and on behalf of the United States. Accordingly, the United States is legally responsible and vicariously liable for the negligent acts and omissions of all of its physicians, nurses, physician assistants, agents, members, servants, contractors, and/or employees who treated Dana Devoe, as hereinafter described, under the Federal Tort Claims Act and the doctrines of *respondeat superior*, apparent agency, actual agency, implied agency, and express agency.

5. The United States may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint of the United States Attorney D. Michael Dunavant, United States Attorney for the Western District of Tennessee, 167 North Main Street, Suite 800, Memphis, Tennessee 38103, and by serving a copy of the Summons and Complaint on William Barr, Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530 and the United States Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420.

**JURISDICTION AND VENUE**

6. This Court has exclusive subject-matter jurisdiction over this action pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e), as the events and omissions giving rise to this claim all occurred in Shelby County, Tennessee.

8. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), Plaintiff presented his claims administratively to the Department of Veterans Affairs on or about November 26, 2018. *See* Exhibit A. Plaintiff presented an amended claim to the Department of Veterans Affairs on or about December 17, 2018. More than six months have passed between the presentation of Plaintiff's claims and the filing of this Complaint. Accordingly, Plaintiff has complied with all jurisdictional prerequisites of the Federal Tort Claims Act.

9. Plaintiff submits that the pre-suit notice requirements under Tenn. Code Ann. § 29-26-121(a) are not applicable to this action. However, out of an abundance of caution, Plaintiff has complied with the requirements of Tenn. Code Ann. § 29-26-121(a) by having mailed, via certified mail, notice of claim to the United States at the respective address of the Department of Veteran Affairs' regional counsel and the Department of Veteran Affairs' current business address. This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and shows that written notice was timely sent, by certified mail, to the United States at the respective address of the Department of Veteran Affairs' regional counsel and the Department of Veteran Affairs' current business address on February 24, 2016. *See* Exhibit B. Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendant United States is attached to the Affidavit of Erick Anderson. The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

10. Plaintiff has timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendant United States at least sixty (60) days before filing the instant complaint.

11. Plaintiff's counsel has consulted with medical experts who have provided signed written statements confirming that, upon information and belief, they are competent under Tenn. Code Ann. § 29-26-115 to express opinions in this case and believe, based on the information available from the medical records concerning the care and treatment of Dana Devoe for the incidents at issue, that there is a good faith basis for maintaining this action consistent with the requirements of Tenn. Code Ann. § 29-26-115.  A certificate of good faith signed by Plaintiff's counsel is being filed contemporaneously herewith pursuant to the requirements of Tenn. Code Ann. § 29-26-122.

## FACTUAL ALLEGATIONS

12. On the morning June 29, 2017, Mrs. Devoe went to work at the VA Medical Center in Memphis, Tennessee where she worked as a nurse.

13. At around 8:51 a.m., Mrs. Devoe fainted while attempting to move a patient during a CT scan.

14. Mrs. Devoe was unconscious between one and two minutes and her blood pressure was measured to be 86 (systolic) over 51 (diastolic).

15. After she regained consciousness, the MVAMC staff performed Mrs. Devoe's lab work.

16. At around 10:20 a.m., Mrs. Devoe underwent a Pelvic CT scan that showed she had three abdominal masses. One of these masses was described as a large inhomogenously

enhancing mass that contained multiple areas of high density reflecting blood near her fallopian tube.

17. At around 11:35 a.m., the staff radiologist at the facility had notified the staff ER physician, Dr. Koppolu, of the masses observed on Mrs. Devoe's CT scan.

18. At around 12:00 p.m., it is noted that MVAMC administered Levophed for Mrs. Devoe at some point during her care at the facility.

19. At 12:10 p.m., the MVAMC staff obtained Mrs. Devoe's labs for a second time. In her medical records from MVAMC, the second lab results were noted to be "significantly different from last value of this analyte."

20. Despite her critical condition, Mrs. Devoe remained at the MVAMC for nearly three hours. Mrs. Devoe arrived at Regional One Health around 3:36 p.m.

21. At the time of her transfer, Mrs. Devoe's diagnosis was listed as "hypovolemic shock, hemmorhagic overian tumor," and the reason for her transfer was listed as, "Ob/Gyn svcs not available @ referring facility."

22. It was, or should have been, apparent to MVAMC by 10:20 a.m. that Mrs. Devoe's condition was critical and surgery was necessary.

23. Mrs. Devoe's condition never improved and she underwent emergency surgery overnight on June 29, 2017. She passed away on July 3, 2017. Mrs. Devoe was 48 years old at the time of her death. She is survived by her husband and three minor children.

## **LIABILITY**

24. Defendant United States, through its MVAMC and its physicians, nurses, physician assistants, contractors, agents, and other medical staff, owed its patients, including Dana Devoe, a duty to act in accordance with the recognized standard of professional practice for

physicians, nurses, physician assistants, and other medical staff in Shelby County, Tennessee and similar communities. Defendant United States, through the acts of its physicians, nurses, physician assistants, and other medical staff, failed to act with ordinary and reasonable care and deviated from the applicable recognized standard of professional practice when they neglected to properly and adequately assess, evaluate, and treat Dana Devoe.

25. Defendant United States, through the acts of its MVAMC physicians, nurses, physician assistants, contractors, agents, and other medical staff, breached the duty owed to Dana Devoe and was negligent in its care and treatment of Mrs. Devoe through its acts and omissions, which include, but are not limited to, the following:

    a    Failing to provide Mrs. Devoe with basic, appropriate, and necessary care and supervision;

    b.    Failing to properly monitor Mrs. Devoe's status and condition in light of her condition and medications;

    c.    Failing to adequately and properly document Mrs. Devoe's signs, symptoms, care, and treatment in her medical chart;

    d.    Failing to provide a safe and secure environment for Mrs. Devoe;

    e.    Failing to check on Mrs. Devoe's condition at appropriate and regular intervals;

    f.    Failing to properly train its employees to properly monitor and assess patients such as Mrs. Devoe;

    g.    Failing to timely operate on Mrs. Devoe in light of her condition;

    h.    Failing to timely transfer Mrs. Devoe to receive the care needed in light of her condition;

    i.    Failing to properly assess and fully appreciate Mrs. Devoe's overall medical condition;

    j.    Failing to work as a medical team in an appropriate manner to ensure that Mrs. Devoe was properly diagnosed and treated;

    k.    Failing to timely notify and communicate with physicians about the urgency of Mrs. Devoe's medical condition;

    l.    Failing to timely recognize and appreciate that Mrs. Devoe had active internal bleeding and to recognize and appreciate the seriousness of her medical condition;

    m.    Failing to have in place proper policies and procedures to ensure that patients like Mrs. Devoe did not die while in critical condition and in need of surgical intervention;

    n.    Failing to comply with the duty of care owed by MVAMC to Mrs. Devoe;

    o.    Failing to exercise reasonable care under the existing circumstances; and

    p.    Such other negligent acts and omissions as may be shown at trial.

That each of the above said acts of medical negligence directly and proximately caused severe injuries to Mrs. Devoe, including her death.

26.    Under the doctrines of agency and *respondeat superior*, Defendant United States is legally responsible and vicariously liable for the acts of the MVAMC's nurses, staff, agents, contractors, employees, physicians, and other hospital personnel for any negligent acts or admissions they may have performed in connection with the care and treatment of Mrs. Devoe.

27.    As a result of Defendant's negligence, Plaintiff is entitled to recover for all of the damages allowed under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, *et seq.*, and the Tennessee Wrongful Death Act, Tenn. Code Ann. § 20-5-113.

## **DAMAGES**

28.    As a direct and proximate result of the negligent acts and omissions of Defendant United States, its physicians, nurses, physician assistants, and other medical staff described above, Dana Devoe sustained serious and permanent injuries, including, but not limited to, her

untimely death. The injuries and damages for which Plaintiff seeks compensation from Defendant include, but are not limited to, the following:

    a.    Dana Devoe's physical pain and suffering;

    b.    Dana Devoe's emotional pain and suffering;

    c.    Medical bills and expenses;

    d.    Pecuniary value of Dana Devoe's life;

    e.    Loss of enjoyment of life;

    f.    Dana Devoe's lost earning capacity;

    g.    Funeral and burial expenses;

    h.    Any items of damage or loss recoverable under the Tennessee Wrongful Death Act, Tenn. Code Ann. § 20-5-113, or otherwise; and

    i.    Any other damages or losses properly recoverable pursuant to Tennessee law, including, but not limited to, the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, *et seq.*

    29.    As a further direct and proximate result of the negligent acts and omissions of Defendant United States set forth above, Plaintiff has lost, without limitation, the services, support, society, and companionship of his wife Dana Devoe. Accordingly, Plaintiff is entitled to recover loss of consortium damages.

    30.    Tennessee's statutory cap on noneconomic damages, Tenn. Code Ann. § 29-39-103, is unconstitutional under the Federal and Tennessee Constitutions.

    31.    Plaintiff specifically reserves the right to plead further in this cause as additional facts and circumstances may warrant.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THAT:

1. Defendant United States be served with a copy of the Complaint for Personal Injuries, Loss of Consortium, Wrongful Death, and Health Care Liability in this matter;

2. Plaintiff be awarded compensatory damages, wrongful death damages, and loss of consortium damages in the amount of $2,704,466.36;

3. Plaintiff be awarded all damages recoverable under Tennessee law, including, without limitation, all damages allowable under the Tennessee Health Care Liability Act, the Tennessee Wrongful Death Act and/or Tennessee common law and tort law;

4. Plaintiff be awarded post-judgment interest as well as all discretionary costs and other relief to which they may be entitled; and

5. Plaintiff be awarded such other relief, both general and special, to which they may be entitled.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

/s/ Les Jones
Les Jones (#13290)
Charles Silvestri Higgins (#30184)
Ryan Saharovich (#36185)
130 North Court Avenue
Memphis, Tennessee  38103
Telephone:	901-524-5000
Facsimile:	901-524-5024

*Attorneys for Plaintiff*